IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR404 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| HIGINIO SOLORIO, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 29) issued by Magistrate Judge Thomas D. Thalken recommending denial of the Motion to Suppress filed by the Defendant, Higinio Solorio (Filing No. 22). The Defendant filed a Statement of Objections to the Report and Recommendation (Filing No. 30) and a supporting brief (Filing No. 31) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Solorio is charged in a one-count Indictment with conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. Solorio seeks an order suppressing all evidence and statements obtained as a result of his November 27, 2002, traffic stop and vehicle search.

Following an evidentiary hearing on the motion, Judge Thalken issued a Report and Recommendation in which he determined: Officer Clark had a reasonable belief that Iowa state law or Council Bluffs ordinances required the display of an in-transit sticker in the upper left-hand portion of a motor vehicle's rear window; the stop was not pretextual; the detention was reasonable; Solorio's consent was voluntary; and further detention of the

vehicle was lawful.  On the basis of these determinations, Judge Thalken recommended that Solorio's motion to suppress be denied.

Solorio filed a statement of objections to the Magistrate Judge's Report and Recommendation (Filing No. 30) supported by a brief (Filing No. 31).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected.  The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations.  The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

The Magistrate Judge provided a detailed account of the events leading up to the traffic stop, detention, consent to search and search of the vehicle.  The Court has considered the transcript of the hearing conducted by the Magistrate Judge (Filing No. 26). The Court also carefully considered the statutes and ordinances provided or cited by counsel at the hearing.  Based on the Court's de novo review of the evidence, one fact merits brief discussion.

The Report and Recommendation states that Solorio did not produce registration or insurance information (Filing No. 29, at 2 (citing TR 10)).  However, the Court notes that Officer Clark testified that he could not recall whether Solorio produced proof of insurance or registration.  (TR 10.)  With this minor exception, the Court adopts the Magistrate Judge's factual findings.

## ANALYSIS

### *Voluntariness of Consent*

Solorio objects to the conclusion that his consent to search the vehicle was voluntary. Consent is voluntary if it results from "an essentially free and unconstrained choice" rather than from "duress or coercion." *United States v. Galvan-Muro,* 141 F.3d 904, 907 (8th Cir. 1998). Whether consent is voluntary depends upon the "totality of the circumstances." *Schneckloth v. Bustamonte,* 412 U.S. 218, 227 (1973). When evaluating such circumstances, the Court pays particular attention to the characteristics of the person giving consent and to the encounter from which the alleged consent arose. *Thomas*, 93 F.3d 479, 486 (8th Cir. 1996). Relevant characteristics of the suspect include: age; intelligence and education; chemical intoxication, if any; whether the individual was informed of his rights; and whether the suspect generally understood the rights enjoyed by those under criminal investigation. *United States v. Chaidez*, 906 F.2d 377, 380 (8th Cir. 1990). To assess the environment of the encounter, the court considers: the length of time that the suspect was detained and questioned; whether the police intimidated the suspect; whether the suspect relied upon promises or misrepresentations made by the police; whether the suspect was in custody; whether the encounter occurred in a public or secluded place; and whether the suspect objected. *Id.*

In this case, no evidence was produced to show that the consent was involuntary or otherwise invalid. Solorio's initial argument rested on his asserted lack of familiarity with the English language. However, Officer Clark's testimony indicated that Solorio understood questions posed in English and answered appropriately in English. No threats

3

or promises were made. Solorio was coherent and did not appear to be under the influence of any substances. He was not handcuffed, nor was he in custody. He was asked for consent within five or ten minutes after being stopped. *Miranda* rights had not been administered, and he was not told he had a right to refuse consent. Nevertheless, the encounter was brief, in a public place, and without objection. In short, the totality of the circumstances do not suggest that Solorio's consent was involuntary or otherwise invalid. The objection is denied.

***Additional Issues***

Solorio raises several objections relating to the lawfulness of the traffic stop and Solorio's detention, including whether the stop, based on the placement of the in-transit sticker on the vehicle window, was "objectively reasonable" or pretextual

Briefly, Officer Clark of the Council Bluffs, Iowa, police department stopped the vehicle driven by Solorio because the in-transit sticker was placed in the upper right-hand corner of the rear window as opposed to the upper left-hand corner, as required by Iowa and Council Bluffs law.[1]

In deciding whether the stop was pretextual or based on probable cause, the standard is whether Clark's action in stopping the vehicle was "objectively reasonable." *United States v. Cummins,* 920 F.2d 498, 500-01 (8th Cir. 1990). In other words, an officer's subjective motivation is irrelevant. *See generally Whren v. United States,* 517 U.S. 806 (1996). "Reasonableness" has been explained as follows: [I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which,

---

[1] Submitted Iowa code and Council Bluffs city ordinance sections do not relate to the specific issue of the placement of in-transit stickers.

4

taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Scott v. United States,* 436 U.S. 128, 137 (1978).

The Court concludes, based on the evidence presented, that the traffic stop, made on the basis of an improperly affixed in-transit sticker, was objectively reasonable. However, this issue as well as all others raised are moot in light of Solorio's voluntary consent to search the vehicle.[2]

Solorio's consent served as a basis for the search independent of whether the traffic stop was legal under the Fourth Amendment or of the other Fourth Amendment issues raised. *United States v. Kreisel,* 210 F.3d 868, 869 (8th Cir. 2000). Solorio's consent was "sufficiently an act of free will to purge" any "original taint" of an illegal stop, detention or impoundment. *See id.* Even though a written consent form was not used, *United States v. Thomas,* 83 F.3d 259, 260 (8th Cir. 1996), and Clark did not advise Solorio of his right to refuse consent, *id.; United States v. Ramos,* 42 F.3d 1160, 1164 (8th Cir. 1994), this Court carefully reviewed the totality of the circumstances in determining that Solorio's consent was voluntary. *Kreisel,* 210 F.3d at 869. In determining that Solorio's consent was independent of the stop and detention issues, the Court also carefully weighed "'the purpose and flagrancy of [any] official misconduct'" in stopping the vehicle. *Id.* at 869-70 (quoting *Brown v. Illinois,* 422 U.S. 590, 604 (1975)). The Court finds that the record includes no evidence that Clark purposefully engaged in misconduct, flagrant or otherwise.

---

[2]Also moot are the issues raised with respect to the illegal detention and vehicle impoundment. While the Court carefully considered each issue and determined that Solorio's detention and the vehicle impoundment were lawful, the Court has not engaged in a detailed discussion of those issues.

The record also does not indicate that Clark stopped Solorio for the purpose of obtaining consent to search the vehicle.  *Id.* at 870.

## CONCLUSION

For the reasons discussed, the Court adopts Judge Thalken's recommendation that the Defendant's motion to suppress should be denied.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 29) is adopted, with a minor modification to the Magistrate Judge's factual findings as discussed above;

2. The Statement of Objections to the Report and Recommendation (Filing No. 30) is denied; and

3. The Defendant's Motion to Suppress (Filing No. 22) is denied.

DATED this 23rd day of May, 2005.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge